HOWARD A. SLAVITT (State Bar No. 172840) ef-has@cpdb.com,
KATHERINE C. ZARATE (State Bar No. 214922) ef-kcz@cpdb.com
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Tel. 415-391-4800 / Fax 415-989-1663

ROBERT RUBIN (CA SBN 85084) rrubin@lccr.com
PHILIP HWANG (CA SBN 185070) phwang@lccr.com
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel. 415-543-9444 / Fax 415-543-0296

JULIA HARUMI MASS (CA SBN 189649) jmass@aclunc.org
ALAN L. SCHLOSSER (CA SBN 49957) aschlosser@aclunc.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF
NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel. 415-621-2493 / Fax 415-225-8437

LUCAS GUTTENTAG (CA SBN 90208) lguttentag@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Tel. 415-343-0770 / Fax 415-395-0950

Attorneys for KEBIN REYES, a minor, by and through his father and guardian, NOE REYES

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KEBIN REYES, a minor, by and through his father and guardian NOE REYES,<br><br>Plaintiff,<br><br>v.<br><br>NANCY ALCANTAR, San Francisco Field Office Director for Detention and Removal Services, Immigration Customs Enforcement, in her individual capacity; JOHN P. MARTINEZ, in his individual capacity; GREGORY J. WILLIAMS in his individual capacity; UNITED STATES OF AMERICA, and DOES 3 through 50 inclusive,<br><br>Defendants. | Case No. C07-2271-SBA<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FOURTH AND FIFTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND FOR FALSE IMPRISONMENT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND NEGLIGENCE**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff KEBIN REYES, by and through his guardian *ad litem*, NOE REYES, alleges as follows:

### JURISDICTION AND PROCEDURAL PREREQUISITES TO SUIT

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), and 28 U.S.C. § 1367.

2. On July 9, 2007, Plaintiff KEBIN REYES (also referred to hereinafter as "Kebin") filed an administrative claim with the Immigration and Customs Enforcement ("ICE") agency and the United States Department of Homeland Security, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA"). ICE and the United States Department of Homeland Security denied that claim on October 11, 2007.

### VENUE

3. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391.

### INTRADISTRICT ASSIGNMENT

4. Assignment to the San Francisco or Oakland Division of this Court is proper under Local Rule 3-2(d) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Marin County.

### THE PARTIES

5. Plaintiff Kebin Reyes is a United States citizen of Guatemalan descent. He is seven years old and resides within the Northern District of California. Pursuant to Federal Rule of Civil Procedure 17(c), Plaintiff brings this action by and through NOE REYES (also referred to hereinafter as "Mr. Reyes"), who is Plaintiff's father and also resides within the Northern District of California. Plaintiff, who is a minor, is not competent to bring this action on his own behalf. Mr. Reyes is willing and able to act as Plaintiff's guardian *ad litem* and will conduct this litigation at all times in Plaintiff's best interests.

6. Defendant NANCY ALCANTAR is Field Office Director in San Francisco, California for Immigration and Customs Enforcement, Office of Detention and Removal Operations. At all relevant times, ALCANTAR was acting under color of federal law and is sued in her individual capacity.

7. Defendant JOHN P. MARTINEZ is a Deportation Officer in San Francisco, California for ICE who personally participated in, and/or decided on, acquiesced in, or failed to take action to prevent the unlawful conduct of other ICE agents with whom he engaged in the raid of plaintiff's residence and events of March 6, 2007 by, *inter alia*,: (a) entering plaintiff's residence without a valid warrant for entering his and his father's home and without their consent; (b) refusing to permit Kebin's father to make a phone call to a relative or friend to care for Kevin; and (c) seizing Kebin and his father and taking them to an ICE office in San Francisco where they were held against their will. At all relevant times, Defendant Martinez was acting under color of federal law and is sued in his individual capacity. Upon having discovered the true name of DOE 1, Plaintiff hereby substitutes Defendant Martinez into this action in place of DOE 1 who was named in the original complaint filed on April 25, 2007.

8. Defendant GREGORY J. WILLIAMS is a Supervisory Detention and Deportation Officer in San Francisco, California for ICE who personally participated in, and/or decided on, acquiesced in, or failed to take action to prevent the unlawful conduct of other ICE agents with whom he engaged in the raid of plaintiff's residence and events of March 6, 2007 by, *inter alia*,: (a) entering plaintiff's residence without a valid warrant for entering his and his father's home and without their consent; (b) refusing to permit Kebin's father to make a phone call to a relative or friend to care for Kevin; and (c) seizing Kebin and his father and taking them to an ICE office in San Francisco where they were held against their will. At all relevant times, Defendant Williams was acting under color of federal law and is sued in his individual capacity. Upon having discovered the true name of DOE 2, Plaintiff hereby substitutes Defendant Williams into this action in place of DOE 2 who was named in the original complaint filed on April 25, 2007.

9. Defendant United States of America exists under the Constitution of the United States of America and laws enacted by the United States Congress. ICE was at all times relevant herein an agency of the United States Department of Homeland Security, organized and existing under the laws of the United States. The United States is vicariously liable for the misconduct of its agents and employees, and is directly liable for failure to supervise employees properly, failure to properly train employees and failure to implement sufficient procedures to guard against the

torts that occurred in this case. Individual defendants ALCANTAR, WILLIAMS, MARTINEZ, and DOES 3-50, were at all relevant times acting as the agents, employees, and/or representatives of Defendant United States of America and in engaging in the conduct alleged herein were acting within the course and scope of their agency and employment and with the knowledge, consent, permission, authorization or ratification, either express or implied, of Defendant United States of America.

10. Plaintiff is ignorant of the true names and capacities of the defendants sued as DOES 3-50. At all relevant times, Defendants DOES 3 through 50 (also referred to hereinafter as the "DOE defendants"), each of whom Plaintiff sues in his or her individual capacity, were agents, employees, or otherwise representatives of ICE or other federal agencies. At all relevant times, DOES 3 through 50 were acting under color of federal law. Plaintiff is informed and believes and thereon alleges that that many, if not all, of DOES 3 through 50 are residents of the Northern District of California. Plaintiff is informed and believes and thereon alleges that DOES 3 through 50, inclusive, are legally responsible for the wrongs committed against Plaintiff, as alleged herein. When Plaintiff becomes aware of the true identities of one or more DOE defendants, Plaintiff will amend his complaint to add or substitute them as named Defendants.

11. Plaintiff is informed and believes and thereon alleges that the Defendants Nancy Alcantar, John P. Martinez, Gregory J. Williams and the DOE defendants caused, and are liable for the unconstitutional and unlawful conduct and resulting injuries, by, among other things, personally participating in said conduct or acting jointly with others who did so; by authorizing, acquiescing or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing or refusing with deliberate indifference to maintain adequate training and supervision; and/or by ratifying the unlawful conduct taken by employees under their direction and control.

### FACTS GIVING RISE TO THE CLAIMS

12. On March 6, 2007, Defendants seized Kebin, a United States citizen, and took him into their custody, without lawful cause and without a warrant for his arrest, at his residence in San Rafael, California.

13. Defendants arrived at Kebin's residence in the early morning hours of March 6, 2007. Armed and wearing clothes bearing the word "police," Defendants entered the residence and demanded the immigration papers and passports of Kebin and his father. Upon information and belief, Defendants did not have lawful authorization or a valid warrant for entering the home. No resident consented that Defendants could enter the home. Kebin's father provided Defendants with Kebin's U.S. passport, identifying Kebin as a United States citizen. Kebin's father truthfully answered the questions asked of him.

14. Defendants informed Kebin's father that they were taking him into custody. Despite being placed on notice that Kebin is a United States citizen, Defendants instructed his father to waken Kebin because they were going to seize him as well. Kebin's father requested repeatedly that Defendants permit him to make a phone call to a family member living nearby who could care for Kebin so that he would not be taken into forced custody. But Defendants refused to permit Kebin's father to make a phone call. Defendants seized Kebin and his father. Defendants took Kebin and his father to an ICE office in San Francisco and held them there against their will.

15. At the ICE office, Kebin's father again requested to make a phone call to arrange for Kebin's care, but Defendants did not allow him to make a phone call. Defendants told Kebin that he would only need to stay at the ICE office for an hour or two. Instead, they held him in a locked room all day against his will. Kebin thought he was in jail. Defendants refused to give Kebin any food, other than bread and water. Kebin was hungry and crying. He did not know when he would be free to leave.

16. That afternoon, a family member and family friend who had learned about the incident from others in the neighborhood, came to the ICE office to seek Kebin's release and to bring Kebin home. Defendants forced Kebin to remain in custody, without cause, for several more hours, until evening, before they released him.

17. As a direct and proximate result of Defendants' conduct, Kebin has been harmed. His harm includes but is not limited to:

(a) being detained, arrested or seized and being detained and held for a period of approximately 12 hours;

1   (b)  being deprived of food, other than bread and water, for a period of
2   approximately 12 hours;
3   (c)  being denied the opportunity to make a phone call or to have one made for
4   him to arrange for his care;
5   (d)  pain and suffering; and
6   (e)  being subject to intimidation and inflicted with emotional and mental
7   distress.

8   18.  Plaintiff is informed and believes and thereon alleges that the above-described acts of Defendants were done knowingly, intentionally, maliciously, with deliberate, reckless or callous indifference to Plaintiff's security, freedom, and civil and constitutional rights, or with intent to injure, harass, and oppress Plaintiff. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendants.

## FIRST CLAIM FOR RELIEF

### (Violation of Fourth Amendment and Title 8 United States Code Section 1357)

### (Against Defendants Alcantar, Martinez, Williams, and DOES 3-50)

19.  Plaintiff hereby incorporates paragraphs 1 through 18 above and each allegation therein as though fully set forth herein.

20.  The Fourth Amendment to the United States Constitution provides that each person has the right to be secure in his or her person, houses, papers, and effects, against unreasonable searches and seizures.

21.  By committing the above-described acts, Defendants violated Plaintiff's rights under the Fourth Amendment to the United States Constitution.

22.  The conduct of Defendants violated clearly established constitutional or other rights of which Defendants knew, or of which a reasonable public official should have known. Defendants exceeded their authority to make detentions, searches, seizures and arrests, including the limitations set forth in Title 8 United States Code Section 1357.

23.  Plaintiff has no effective administrative mechanism or other remedy at law by which to seek the proper measure of damages for these constitutional wrongs.

## SECOND CLAIM FOR RELIEF

### (Violation of Fifth Amendment)

### (Against Defendants Alcantar, Martinez, Williams, and DOES 3-50)

24. Plaintiff refers to and incorporates paragraphs 1 through 23 as though fully set forth herein.

25. The Fifth Amendment to the United States Constitution requires that no person shall be deprived of life, liberty or property without due process of law.

26. By committing the above-described acts, Defendants violated Plaintiff's rights under the substantive due process and/or procedural due process clauses of the Fifth Amendment to the United States Constitution.

27. The conduct of Defendants violated clearly established constitutional or other rights of which defendants knew, or of which a reasonable public official should have known.

28. Plaintiff has no effective administrative mechanism or other remedy at law by which to seek the proper measure of damages for these constitutional wrongs.

## THIRD CLAIM FOR RELIEF

### (False Arrest and Imprisonment)

### (Against Defendant United States of America)

29. Plaintiff refers to and incorporates paragraphs 1 through 28 as though fully set forth herein.

30. By committing the above-described acts, defendant United States acting through its employees, agents, and/or representatives falsely arrested and/or imprisoned Kebin, causing the harms herein alleged. The United States' employees, agents, and/or representatives intended to stop, arrest, detain, confine, restrain and/or seize Kevin, without his or his father's consent, without an arrest warrant for Kebin, without lawful authority, and without probable cause.

## FOURTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)

### (Against Defendant United States of America)

31. Plaintiff refers to and incorporates paragraphs 1 through 30 as though fully set forth

herein.

32. The conduct of defendant Untied States as alleged above was extreme and outrageous, and Plaintiff is informed and believes that the United States' employees or agents engaged in such conduct with the intent of causing, or reckless disregard for the probability of causing, Plaintiff's severe emotional/mental distress. As a proximate result of such conduct, Plaintiff has experienced severe emotional and mental distress, fear, anxiety, and other emotional and mental trauma.

## FIFTH CLAIM FOR RELIEF

(Negligence)

(Against Defendant United States of America)

33. Plaintiff refers to and incorporates paragraphs 1 through 32 as though fully set forth herein.

34. Defendant Untied States owed Plaintiff a duty of care not to cause him the harms herein alleged. By committing the above-described acts, including through its employees and agents, defendant United Sates breached its duty of care and proximately caused harm to plaintiff Kebin Reyes.

## SIXTH CLAIM FOR RELIEF

(Violation of California Constitution)

(Against Defendant United States of America)

35. Plaintiff refers to and incorporates paragraphs 1 through 34 as though fully set forth herein.

36. By engaging in the above-described acts, defendant United States violated Plaintiff's rights under Article I, section 1 of the California Constitution.

## PRAYER

Plaintiff prays that judgment be entered in his favor and the following relief be granted:

1. Actual and compensatory damages against each and every Defendant in an amount to be determined;

2. Punitive or exemplary damages against Defendants Alcantar, Martinez, Williams

1  and DOES 3-50 to the extent permitted by law;

2      3.    Attorneys' fees and costs of suit against each and every Defendant, pursuant to all applicable statutory, common law, or constitutional provisions; and

4      4.    Such additional relief as the Court may deem just and proper.

Dated: November 9, 2007    COBLENTZ, PATCH, DUFFY & BASS LLP

By: _____
Howard A. Slavitt

Attorneys for Plaintiff
KEBIN REYES, a minor, by and through his father and guardian, NOE REYES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable to the full extent permitted by law.

Dated: November 9, 2007

COBLENTZ, PATCH, DUFFY & BASS LLP

By: _____
Howard A. Slavitt

Attorneys for Plaintiff
KEBIN REYES, a minor, by and through his father and guardian, NOE REYES

08561.023.737549v1                    10                    Case No. C07-2271-SBA

**FIRST AMENDED COMPLAINT**