HOWARD A. SLAVITT (State Bar No. 172840) ef-has@cpdb.com,
KATHERINE C. ZARATE (State Bar No. 214922) ef-kcz@cpdb.com
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Tel. 415-391-4800 / Fax 415-989-1663

ROBERT RUBIN (CA SBN 85084) rrubin@lccr.com
PHILIP HWANG (CA SBN 185070) phwang@lccr.com
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel. 415-543-9444 / Fax 415-543-0296

JULIA HARUMI MASS (CA SBN 189649) jmass@aclunc.org
ALAN L. SCHLOSSER (CA SBN 49957) aschlosser@aclunc.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF
NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Tel. 415-621-2493 / Fax 415-225-8437

LUCAS GUTTENTAG (CA SBN 90208) lguttentag@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Tel. 415-343-0770 / Fax 415-395-0950

Attorneys for KEBIN REYES, a minor, by and
through his father and guardian, NOE REYES

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KEBIN REYES, a minor, by and through his father and guardian NOE REYES,<br><br>Plaintiff,<br><br>v.<br><br>NANCY ALCANTAR, San Francisco Field Office Director for Detention and Removal Services, Immigration Customs Enforcement, in her individual capacity; JOHN P. MARTINEZ, in his individual capacity; GREGORY J. WILLIAMS in his individual capacity; UNITED STATES OF AMERICA, and DOES 3 through 50 inclusive,<br><br>Defendant. | Case No. C07-2271-SBA<br><br>[PROPOSED] ORDER ESTABLISHING BLOCKED CUSTODIAL ACCOUNT AND CONDITIONS OF WITHDRAWAL THEREFROM |

Case No. C07-2271-SBA

[PROPOSED] ORDER ESTABLISHING BLOCKED ACCOUNT AND CONDITIONS OF WITHDRAWAL THEREFROM

1  Good cause appearing to set up a blocked custodial account for Kebin Reyes, a minor, to
2  provide for certain amounts to be disbursed on a monthly basis to his father and guardian, Noe
3  Reyes, to expend for Kebin's benefit, and to permit Kebin Reyes to withdraw as much of the
4  remaining balance as he may elect at any time after the date of his eighteenth birthday, it is hereby
5  ORDERED that:

6  1.  The law firm of Coblentz, Patch, Duffy & Bass LLP, as attorneys for Plaintiff
7  Kebin Reyes, is authorized and directed to distribute the settlement proceeds initially payable to
8  and deposited in its client trust account, on behalf of Plaintiff, in the amount of $28,600 to
9  establish a blocked custodial account under California Probate Code Section 3611(b), for the sole
10 benefit of Kebin Reyes (the "Blocked Custodial Account"). The Blocked Custodial Account shall
11 be established in a reasonably expeditious manner after such funds are received by Coblentz,
12 Patch, Duffy & Bass LLP and shall be an insured account at a financial institution in this state.

13 2.  Noe Reyes, the father and legal guardian of Kebin Reyes, shall be named as the
14 initial Custodian for the Blocked Custodial Account with the power to name his successor
15 Custodian to serve in the event he is no longer able to do so. The funds deposited into the Blocked
16 Custodial Account shall be subject to withdrawal only upon the conditions specified in this Order,
17 as set forth below, or by further order of a California state court; provided, however, that Noe
18 Reyes, as Custodian, shall have the authority to manage and invest the assets of such account,
19 either directly or indirectly, in accordance with the standards set forth in California Probate Code
20 Sections 2570 – 2574 and the prudent person standard for investment of custodial funds.

21 3.  Pursuant to California Probate Code Section 3611(b), Noe Reyes, the father and
22 legal guardian of Kebin Reyes, is authorized and instructed to open an insured custodial account
23 for the benefit of Kebin Reyes (the "Non-Blocked Custodial Account") as soon as practical after
24 the Blocked Custodial Account is established. The Non-Blocked Custodial Account shall be an
25 insured account established and maintained at the same financial institution that maintains custody
26 of the Blocked Custodial Account. Noe Reyes shall be named as the initial Custodian for the
27 Non-Blocked Custodial Account with the power to name his successor Custodian to serve in the

28

1                                                         Case No. C07-2271-SBA
[PROPOSED] ORDER ESTABLISHING BLOCKED ACCOUNT AND CONDITIONS OF WITHDRAWAL
THEREFROM

1 | event he is no longer able to do so. The funds deposited into the Non-Blocked Custodial Account
2 | shall be subject to withdrawal only upon the conditions specified in this Order, as set forth below,
3 | or by further order of a state court.

4. Noe Reyes, as Custodian of the Blocked Custodial Account, may request the following withdrawals: (i) a withdrawal from the Blocked Custodial Account, not to exceed the aggregate sum of Six Thousand Dollars ($6,000), for the sole and specific purpose of paying federal and state income taxes on the taxable income attributable to the award of the settlement proceeds to Plaintiff Kebin Reyes for the year in which the settlement proceeds are paid by the United States of America, without further court order; and (ii) a withdrawal from the Blocked Custodial Account, not to exceed the aggregate sum of One Thousand Dollars ($1,000) each year in which such withdrawal may be made as specified below, for the sole and specific purpose of paying federal and state income taxes on the taxable income attributable to Blocked Custodial Account for each tax year following the year in which the United States of America pays the settlement proceeds, without further court order. All such funds shall be disbursed by the financial institution having custody of such account in the form of cashier's or certified checks issued by said institution and made payable directly to the taxing authorities, namely, the United States Treasury and the appropriate state taxing authority. Such checks shall be issued in the relative amounts requested by the Custodian, Noe Reyes.

5. Upon the establishment of the accounts described in this Order and continuing until the earlier of the (i) disbursement of all funds deposited into the Blocked Custodial Account or (ii) termination of the Blocked and Non-Blocked Custodial Accounts as set forth below, the financial institution that maintains custody of such accounts shall initiate a transfer from the Blocked Custodial Account to the Non-Blocked Custodial Account of the amount of interest earned on the Blocked Custodial Account assets that are held in any Time Account, at such time that said interest is earned. Noe Reyes, as Custodian for the Non-Blocked Custodial Account, may withdraw the entire balance of the Non-Blocked Custodial Account at any time, without further court order, provided that Noe Reyes deliver or pay said funds directly to Kebin Reyes, or expend

6. Noe Reyes, as Custodian of the accounts described above, is hereby ordered and directed to inform Kebin Reyes, no later than the date of Kebin Reyes' eighteenth (18th) birthday, of the existence of the above accounts and of Kebin Reyes' right to withdraw the funds remaining therein.

7. Upon the date of Kebin Reyes' eighteenth (18th) birthday, the financial institution that maintains custody of the Blocked Custodial Account and the Non-Blocked Custodial Account may distribute to Kebin Reyes the entire remaining balance of the Blocked Custodial Account and the Non-Blocked Custodial Account, without further court order. The Blocked Custodial Account and the Non-Blocked Custodial Account shall terminate after the remaining balances of both accounts are distributed to Kebin Reyes following the date of his eighteenth (18th) birthday, or sooner by further court order.

IT IS SO ORDERED.

Dated: June 25, 2008

*Elizabeth D. Laporte* (signature)
ELIZABETH D. LAPORTE
United States District Court Magistrate Judge